United States District Court
Southern District of Texas
**ENTERED**
October 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH C. PARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Misc. Case No. 4:24-MC-01511 |
| | § | |
| HOUSTON METHODIST HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this Miscellaneous Action is Plaintiff's Motion for Order Directing Release of Pathological Materials. (Dkt. No. 1). For the reasons below, the Court **DENIES** Parr's motion, (*id*.), and **DISMISSES** Parr's action without prejudice.

**I.    BACKGROUND**

On September 18, 2024, Deborah Parr filed a document entitled "Motion for Order Directing Release of Pathological Materials for Greer Aubrey Park." (Dkt. No. 1). In this Motion, Parr—as executor of Greer Aubrey Parr's estate—requests that this Court order Houston Methodist Hospital to release documents concerning Greer Aubrey Parr's medical treatment at Houston Methodist Hospital. (*Id*. at 1–2). Parr claims that these documents are necessary to meet discovery deadlines in a case before a different court, which is set for trial on December 2, 2024. (*Id*. at 2); (*see* Dkt. No. 1-1 at 2). Houston Methodist "is a nonparty" in the underlying action, which is "currently pending in the Court of Common Pleas in Richland County, South Carolina." (Dkt. No. 1-1 at 2).

**II.     LEGAL STANDARD**

Because Parr requests that the Court order Houston Methodist to produce documents, the Court first considers whether it can comply with Parr's request under Rules 37 or 45 of the Federal Rules of Civil Procedure. It then evaluates whether the Court has jurisdiction to take any other action.

Rule 37(a) of the Federal Rules of Civil Procedure sets forth the practice for making motions to compel. Fed. R. Civ. P. 37(a). Rule 37 plays "only a very small role with respect to nonparties. That role is essentially limited to authorizing courts to (1) order nonparties to appear and answer questions at depositions; and then (2) hold nonparties in contempt if they fail to obey." Fed. R. Civ. P. 37(a) practice cmt. (Very limited application to nonparties) (internal citations omitted); *see* Fed. R. Civ. P. 37(a)(3)(B)(i) (applicable to "deponent[s]" rather than "parties"). *If* a motion to compel a discovery response from a nonparty is appropriate, it must "be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).

Rule 45 governs subpoenas, which "are most frequently directed at nonparties and, indeed, are often the only way to obtain discovery from nonparties absent their consent." Fed. R. Civ. P. 45 practice cmt. (Overview). "Under the 2013 scheme, all subpoenas issue from the court where the case is pending. The subpoenas can then be served at any place in the United States. This is a major change from prior practice. . . . [U]nder the prior scheme, subpoenas issued from the court where the testimony was to be given or the production was to be made." *Id.* If a subpoena is issued

2

"in the name of a court other than the one where the case is pending"—i.e., the wrong court—"then those subpoenas would be void and unenforceable as issued." *Id.*

For any other actions, Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action [in federal court] is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A complaint must contain a statement setting forth the basis for the court's jurisdiction. Fed. R. Civ. P. 8(a). While the "best practice for pleading jurisdiction" is to "cite the statute conferring jurisdiction," citing a statute is not required if the complaint "shows a proper basis for federal subject-matter jurisdiction." Fed. R. Civ. P. 8 practice cmt. (Best practice generally); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). If the complaint does not demonstrate the court's jurisdiction, the court must dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546–47, 106 S.Ct. 1326, 1333–34, 89 L.Ed.2d 501 (1986); *see, e.g.*, *United States v. Hames*, 122 F.App'x 706, 707 (5th Cir. 2004) (finding no basis for federal jurisdiction partly because appellees "did not properly commence a civil action in the district court" when "they failed to file a complaint with the district court as required by Fed. R. Civ. P. 3").

**III.   DISCUSSION**

The Court does not have the power to issue a subpoena or an order compelling production in this case. As Parr notes, Houston Methodist "is a nonparty" in Parr's underlying action "currently pending in the Court of Common Pleas in Richland County, South Carolina." (Dkt. No. 1-1 at 2).

First, because Houston Methodist is a nonparty, the Court cannot compel Houston Methodist to produce documents with a Motion to Compel under Rule 37(a). Rule 37 only authorizes courts to issue an order "compelling an answer, designation, production, or inspection" to a nonparty when "a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(B). "The rest of Rule 37 applies only to parties (or their attorneys)." Fed. R. Civ. P. 37 practice cmt. (Very limited application to nonparties); *see CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 323 n.11 (5th Cir. 2023). Houston Methodist is not a deponent, nor is Parr requesting that Houston Methodist answer a question under Rule 30 or 31. Therefore, Rule 37 is not an appropriate avenue to compel discovery from Houston Methodist. *See CEATS*, 71 F.4th at 323 n.11 ("[O]nly Rule 37(b)(1), governing a deponent's failure to be sworn or to answer a question after being directed to do so by the court, applies to nonparties. Rule 37(b)(2), governing *all other failures* to obey discovery orders, does not apply to nonparties." (emphasis in original) (quoting 7 Moore's Federal Practice § 37.40 (3d ed. 1997))).

Second, because the underlying action is pending in another court, this Court also cannot issue a subpoena under Rule 45 requiring Houston Methodist to produce documents. Rule 45 requires the court where the case is pending to issue all subpoenas related to the case. Fed. R. Civ. P. 45(a)(2). The case for which Parr needs the documents is pending in the Court of Common Pleas in Richland County, South Carolina. (Dkt. No. 1-1 at 2). Therefore, only that court may issue subpoenas for the case under Rule 45. *See U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*, No. 3:11-CV-02843-M, 2014 WL 4055372, at *1 (N.D. Tex. Aug. 15, 2014) (holding subpoena invalid under Fed. R. Civ. P. 45(a)

because issued from wrong court); *Rose v. Enriquez*, No. 5:13-MC-00396, 2013 WL 2458723, at *2 (W.D. Tex. June 6, 2013) (same).

Finally, Parr has not filed a complaint—only a document titled "Motion for Order Directing Release of Pathological Materials for Greer Aubrey Parr," (Dkt. No. 1), accompanied by a "Memorandum in Support of Plaintiff's Motion," (Dkt. No. 1-1), three exhibits, (Dkt. Nos. 1-2, 1-3, 1-4), and a Certificate of Service, (Dkt. No. 1-5). As a result, Parr's motion does not constitute as a complaint or commence an action under Rule 3.

### IV. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion for Order Directing Release of Pathological Materials. (Dkt. No. 1). The Clerk is **DIRECTED** to **CLOSE** this miscellaneous case.

It is SO ORDERED.

Signed on October 9, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

5